| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Eric** | **Timcal** | **Miller** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **20-61442**
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# FIRST AMENDED Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

Debtor     **Eric Timcal Miller**         Case number    20-61442

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ☐ 36 months    ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$4,540.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

**§ 2.3    Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years **2019, 2020, 2021, 2022, 2023** the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

**§ 2.4    Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

Debtor **Eric Timcal Miller** Case number **20-61442**

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Debtor | Eric Timcal Miller | Case number | 20-61442 |
|---|---|---|---|

| Part 3: | Treatment of Secured Claims |
|---|---|

§ 3.1     **Maintenance of payments and cure of default, if any.**

*Check one.*

☐     **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable **contract and** noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| JPMorgan Chase Bank, NA | 2713 Pitlochry Street, SW Conyers, GA 30094 Rockdale County | $27,676.00 | N/A | **Adequate protection $500.00** **Payment to increase to $1,032.00 March 2020** |

§ 3.2     **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☑     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
      ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐     The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Debtor | Eric Timcal Miller | Case number | 20-61442 |
|---|---|---|---|

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|

§ 3.3   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

X The claims listed below were either:
(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.
The trustee will make monthly pre-confirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly pre-confirmation adequate protection payment.
The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:
(a) payment of the underlying debt determined under non-bankruptcy law, or
(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Purchase Date | Claim Amount | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor made by Trustee |
|---|---|---|---|---|---|---|
| **Capital One Bank (USA), NA** | **2014 Cadillac CTS** | **06/26/2018** | **$22,134.00** | **5.00%** | **$400.00** | **Payment shall increase to $964.00 March 2020** |
| **Ford Motor Credit Co., LLC** | **2018 Ford F150** | **08/14/2018** | **$48,003.00** | **8.50%** | **$700.00** | **Payment shall increase to $2,272.00 March 2020** |

§ 3.4   Lien avoidance.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5   **Surrender of collateral.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

§ 3.6   **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **5.5** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

Debtor **Eric Timcal Miller** Case number **20-61442**

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

§ 4.1   **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2   **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3   **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ **4,500.00**. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at **$2,668.00** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ **2,000.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ **2,000.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

| Debtor | Eric Timcal Miller | Case number | 20-61442 |
|---|---|---|---|

**§ 4.4  Priority claims other than attorney's fees.**

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑ The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Department of the Treasury** | **$97,201.00** |
| **Georgia Department of Revenue** | $0.00 |
| **Rockdale County Tax** | $0.00 |

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ A pro rata portion of the larger of (1) the sum of $**22,111.00** and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor | Eric Timcal Miller | Case number | 20-61442 |
|---|---|---|---|

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
|---|---|

§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

| Part 8: | Nonstandard Plan Provisions |
|---|---|

§ 8.1    Check "None" or List Nonstandard Plan Provisions.

☑   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signatures: |
|---|---|

§ 9.1    **Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X   **/s/ Eric Timcal Miller**
    **Eric Timcal Miller**
    Signature of debtor 1 executed on    **January 26, 2020**

X   
    Signature of debtor 2 executed on

X   **/s/ LEONARD R MEDLEY III**            Date:   **January 26, 2020**
    **LEONARD R MEDLEY III**
    Signature of attorney for debtor(s)

    **MEDLEY & ASSOCIATES LLC**              **2727 PACES FERRY RD**
                                             **STE 1450 BLD 2**
                                             **Atlanta, GA 30339**

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-61442 |
| | ) | |
| ERIC TIMCAL MILLER, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | |

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

/s/ Eric Timcal Miller
Eric Timcal Miller

Date: January 26, 2020

Penalty for making a false statement or concealing property:

Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. '152 and '3571.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-61442 |
| | ) | |
| ERIC TIMCAL MILLER, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | |

## CERTIFICATE OF SERVICE

I, Leonard R. Medley, III, hereby certify under penalty of perjury that I am more than 18 years of age, and that I served a copy of the within Debtor's Chapter 13 Plan filed in this bankruptcy case upon the following by depositing a copy of same in U.S. Mail with sufficient postage affixed thereon to ensure delivery to:

| **CHAPTER 13 TRUSTEE**<br>**Melissa J. Davey**<br>Standing Chapter 13 Trustee<br>Suite 200<br>260 Peachtree Street, NW<br>Atlanta, GA 30303 | **UNITED STATES TRUSTEE**<br>Office of the<br>United States Trustee<br>362 Richard Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303 | **DEBTOR**<br>Eric Timcal Miller<br>2713 Pitlochry Street, SW<br>Conyers, GA 30094 |
|---|---|---|
| **NOTICE OF APPEARANCE**<br>Ashish Rawat<br>Claims Processor<br>Bankruptcy Servicer for Capital One Auto Finance, a division of Capital One, N.A.<br>AIS Portfolio Services, LP<br>4515 N Santa Fe Ave.<br>Dept. APS<br>Oklahoma City, OK 73118 | **NOTICE OF APPEARANCE**<br>Brian K. Jordan<br>Aldridge Pite, LLP<br>Fifteen Piedmont Center<br>3575 Piedmont Rd, N.E.,<br>Suite 500<br>Atlanta, GA 30305 | **NOTICE OF APPEARANCE**<br>Ronald A. Levine, Esq.<br>LEVINE & BLOCK, LLC<br>P.O. Box 422148<br>Atlanta, GA 30342 |

**CREDITORS WITHIN CHAPTER 13 PLAN**

| | | |
|---|---|---|
| Capital One Auto Finance Inc<br>Richard D. Fairbank / CEO<br>3901 N. Dallas Pkwy.<br>Plano, TX 75093 | Capital One Bank (USA), NA<br>Corporation Service Co.,<br>Registered Agent<br>100 Shokoe Slip, 2nd Floor<br>Richmond, VA 23219 | Department of the Treasury<br>Internal Revenue Service<br>Attn: Breia Sharber-Bali<br>Bankruptcy Specialist<br>P.O. Box 7346<br>Philadelphia PA 19101-7346 |
| Ford Motor Credit Co., LLC<br>The Corportion Co. (FL),<br>Registered Agent<br>112 North Main Street<br>Cumming, GA 30040 | Georgia Department of Revenue<br>Compliance Division<br>1800 Century BLVD<br>Suite 9100<br>Atlanta, GA 30345 | JPMorgan Chase Bank, NA<br>CT Corp. System,<br>Registered Agent<br>289 S Culver St,<br>Lawrenceville, GA 30046-4805 |
| JPMorgan Chase Bank, NA<br>(FDIC # 628)<br>1111 Polaris Parkway<br>Columbus, OH 43240 | Rockdale County Tax<br>Commissioner's Office<br>969 Pine Street<br>Conyers, GA 30012 | |

I further certify that, by agreement of parties, Melissa J. Davey, standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

(*see Creditor Mailing Matrix annexed hereto*)

Dated: Sunday, January 26, 2020

 /s/ **Leonard R. Medley, III**
**Leonard R. Medley, III**
Georgia Bar No. 500685
Medley & Associates, LLC
Bldg. 2, Suite 1450
2727 Paces Ferry Road, SE
Atlanta, GA 30339
(770) 319-7592
Fax : (770) 319-7594
Email: leonard@mkalaw.com

.

Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Rd N.E., Ste 500
Atlanta, GA 30305


Ashish Rawat, BK Servicer
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118


Capital One Auto Finance Inc
a division of Capital One, N.A
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118


Capital One Auto Finance Inc
Richard Fairbank, CEO
3901 N. Dallas Pkwy.
Plano, TX 75093


Capital One Bank (USA), NA
Richard D. Fairbank / CEO
1680 Capital One Drive
Mc Lean, VA 22102


Capital One Bank (USA), NA
Corporation Service Co., Agent
100 Shokoe Slip, 2nd Floor
Richmond, VA 23219


Capital One Bank (USA), NA
(FDIC # 33954)
4851 Cox Road
Glen Allen, VA 23060


Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

```
Ford Motor Credit Co., LLC
Tax Department, Ford WHQ
Room 612, 1 American Road
Dearborn, MI 48126


Ford Motor Credit Co., LLC
The Corportion Co. (FL), Agent
112 North Main Street
Cumming, GA 30040


Ford Motor Credit Company, LLC
PO BOX 62180

Colorado Springs, CO 80962-4400


Ford Motor Credit Company, LLC
Drawer 55-953
P.O. Box 55000
Detroit, MI 48255-0953



Georgia Department of Revenue
1800 Century BLVD
Suite 9100
Atlanta, GA 30345



Georgia Department of Revenue
COMPLIANCE DIVISION
1800 CENTURY BLVD. NE STE 9100
Atlanta, GA 30345-3205



Georgia Dept. of Revenue
Bankruptcy Unit
P. O. Box 161108
Atlanta, GA 30321



Infinite Energy, Inc.
7001 SW 24th Ave
Attn: Legal
Gainesville, FL 32607
```

```
INPHYNET PRIMARY CARE
PHYSICIAN SE, PC
PO Box 1123
Minneapolis, MN 55440-1123



Internal Revenue Service
401 W. Peachtree St. NW
Atlanta, GA 30308



Internal Revenue Service
PO BOX 105416
Atlanta, GA 30348



JPMorgan Chase Bank
Collection Dept
900 Stewart Ave
Garden City, NY 11530



JPMorgan Chase Bank, NA
CT Corp. System, Reg Agent
289 S Culver St,
Lawrenceville, GA 30046-4805



JPMorgan Chase Bank, NA
(FDIC # 628)
1111 Polaris Parkway
Columbus, OH 43240



JPMorgan Chase Bank, NA
Correspondence Mail Code
LA4-555, 700 Kansas Lane
Monroe, LA 71203



Navy Federal Credit Union
Mary McDuffie / CEO
Corp. Office 820 Follin Ln. SE
Vienna, VA 22180
```

```
Navy Federal Credit Union
PO BOX 3000
Merrifield, VA 22119



NPRTO Georgia, LLC
256 West Data Drive
Draper, UT 84020



Rockdale County Tax
Commissioner's Office
969 Pine Street
Conyers, GA 30012



T-Mobile USA Inc
American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118
```